UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-1156-CAS-SPM |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on the petition of Missouri state prisoner William Myers ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, the undersigned recommends that the petition be denied.

**I.   FACTUAL BACKGROUND**

In June 2010, Petitioner was charged with murder in the second degree (felony murder), in violation of Mo. Rev. Stat. Section 565.021, and armed criminal action, in violation of Mo. Rev. Stat. Section 571.015. Resp't Ex. B, at 6-7. At the plea hearing, the prosecutor stated that the State would show the following: On April 3, 2010, Petitioner borrowed a car, then asked a friend to help him rob a man he was going to pick up. *Id.* at 10 (Tr. 9).[1] Petitioner told his friend that the man was going to buy marijuana from Petitioner and that Petitioner was going to rob him. *Id.* at 11 (Tr. 11). The friend declined to help with this plan. *Id.* at 10 (Tr. 9), 11 (Tr. 11). A friend of

---
[1] The first number refers to the page numbering in the exhibit. The number in parentheses refers to the page numbering in the hearing transcript.

the victim stated that the victim had talked to Petitioner about buying marijuana from Petitioner that night. *Id.* at 11 (Tr. 10). That friend saw the victim get into Petitioner's car and go down the street, at which time the victim's friend heard three shots. *Id.* at 11 (Tr. 10-11). Both Petitioner and the victim were shot, and the victim eventually died of his injuries. *Id.* Two guns were found near the car. *Id.* at 11 (Tr. 10). When Petitioner was interviewed, he stated that the victim had pulled a gun before Petitioner pulled out his gun and shot the victim. *Id.* at 11 Petitioner pleaded guilty to both charges pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), indicating he did not accept the State's recitation of facts as true but was pleading guilty because he believed that the State had substantial evidence against him and that he believed that if his case were to proceed to trial, there was a substantial likelihood that he would be found guilty. *Id.* at 13 (Tr. 18-19). Petitioner also testified that he had thoroughly discussed his case and his plea with his attorney; that no one had made any threats or promises to him to induce him to plead guilty; that his attorney had not refused to comply with any of his requests; that his attorney had answered all of his questions; that he had no complaints or criticisms of his attorney; that he did not know of anything his attorney could have done that he had not done; and that he believed his attorney had fully advised him of all legal aspects of his case. *Id.* at 13 (Tr. 19-21).

After accepting Petitioner's plea, the court sentenced Petitioner to a term of imprisonment of fifteen years on the charge of murder in the second degree and fifteen years on the count of armed criminal action, to run concurrently. *Id.* at 15 (Tr. 27-28). The court also revoked Petitioner's probation in an unrelated robbery case and executed the previously imposed sentence of ten years, with the time to run concurrently with the murder and armed criminal action sentences. *Id.* at 15 (Tr. 28-29), 16 (Tr. 30-31).

2

In his amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, Petitioner raised three claims: (1) that plea counsel was ineffective for incorrectly advising Petitioner that if he did not plead guilty, the State would refer the case to federal authorities and he would face a minimum sentence of twenty years on a federal charge; (2) that plea counsel was ineffective for incorrectly advising Petitioner that he could not raise the defense of self-defense because the State had charged Petitioner with felony murder; and (3) that plea counsel was ineffective for failing to adequately investigate the case and prepare for trial. Resp't Ex. B, at 57-72. After holding an evidentiary hearing, the motion court denied Petitioner's motion. Resp't Ex. B, at 77-84. Petitioner renewed the first two claims in his appeal, Resp't Ex. C, at 10, 12. The Missouri Court of Appeals affirmed the decision of the motion court. Resp't Ex. E. Petitioner renews both claims in the instant petition.

## II.   LEGAL STANDARD

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

3

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### III. DISCUSSION

Petitioner asserts two grounds for relief in his petition. The undersigned will address each in turn.

#### A. Ground One: Ineffective Assistance of Counsel—Advice Regarding Length of Sentence

In Ground One, Petitioner argues that his plea counsel was ineffective because his plea counsel advised Petitioner that the State would refer the case to federal authorities if he

4

proceeded to trial, that a federal conviction for being a felon in possession of a firearm carried a minimum sentence of twenty years, and that he faced the strong possibility of a much longer sentence if convicted. Petitioner argues that plea counsel's advice was incorrect because the federal statute provides a ten-year maximum for the felon in possession charge. Petitioner raised this claim in his motion for post-conviction relief, and the motion court found no credible evidence to support Petitioner's claim. Resp't Ex. B, at 81. The Missouri Court of Appeals affirmed the decision of the motion court. Resp't Ex. E, at 5.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687. In *Hill v. Lockhart*, the Supreme Court applied *Strickland*'s two-part test to ineffective assistance of counsel claims arising in the context of guilty pleas. 474 U.S. 52, 57-59. (1985). To satisfy the first prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57 (citation and internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential

5

standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 131 S. Ct 1388, 1410 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

> In evaluating this claim, the Missouri Court of Appeals stated:
>
> [T]he motion court found no credible evidence that plea counsel told [Petitioner] the punishment for the federal charge of felon in possession of a firearm was twenty years. The motion court found, based on the plea counsel's testimony and his letters to [Petitioner], the credible evidence adduced at the hearing was that plea counsel advised [Petitioner] he risked serving a minimum of twenty years' imprisonment because of three situations [Petitioner] faced: (1) the possibility of being charged by the federal government with the crime of felon in possession; (2) revocation of [Petitioner's] probation in an unrelated robbery in the first degree, which would result in the execution of a ten-year sentence previously suspended by the court in that case; and (3) the pending charges of felony murder, which carries a range of punishment of a term of years not less than ten and not to exceed thirty years or life imprisonment and armed criminal action, which carries a range of punishment of three years to life imprisonment. . . .
> [W]e find there is ample evidence in the record to support the motion court's findings of fact and conclusions of law.
> Thus, we find the motion court did not clearly err in denying [Petitioner's] claim that his counsel was ineffective for misadvising him that if he did not accept the State's plea offer, he was facing a minimum twenty-year sentence for federal charges.

Resp't Ex. E, at 4-5 (citations omitted).

As discussed above, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively

6

correct factual findings do not enjoy support in the record." *Jones*, 359 F.3d at 1011 (citations and internal quotation marks omitted). Additionally, this Court must defer to the state court's determinations regarding the credibility of witnesses. *See Perry v. Kemna*, 356 F.3d 880, 885 (8th Cir. 2004) ("Federal habeas review 'gives federal courts no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'") (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).

The Missouri courts' determination that Petitioner's plea counsel never advised him that he was facing a twenty-year sentence on a federal charge is well-supported by the record and did not involve an unreasonable determination of the facts. Although there was conflicting testimony presented at the evidentiary hearing regarding what plea counsel told Petitioner about his potential sentence, Petitioner's plea counsel testified that he told Petitioner that the federal felon in possession charge would have a sentence of ten years. *Id.* at 27. Petitioner's plea counsel testified that when he told Petitioner that he would face a minimum of twenty years of imprisonment, he was describing a collective minimum sentence for a state charge (ten years for the likely revocation of Petitioner's probation for a prior robbery charge) and the federal felon in possession charge (ten years). Resp't Ex. A, at 27-28, 37-38. Plea counsel also testified that this twenty years did not include the time Petitioner would serve if convicted of felony murder and armed criminal action. *Id.* at 38. The Missouri courts found plea counsel's testimony more credible than Petitioner's testimony, and that finding is entitled to deference.

Petitioner argues that his position is supported by a letter plea counsel wrote him that stated, "In my opinion, if we reject the plea offer as it currently stands, then assuming you are charged by the federal government with being a felon in possession of a firearm, I believe a minimum sentence in prison would amount to 20 years, with a strong probability that a much

7

longer sentence would be imposed." Resp't Ex. A, at 30-31.[2] However, in that letter, plea counsel did not specify whether he was talking about a federal sentence or a collective federal and state sentence. In light of plea counsel's testimony that he told Petitioner the federal charge carried a ten-year sentence and that when he discussed the possibility of twenty years in prison, he was discussing a combination of federal and state charges, it was reasonable for the state courts to find that plea counsel did not incorrectly advise Petitioner that his federal charge alone carried a sentence of twenty years.

Because the state courts reasonably found that Petitioner's counsel never provided the advice Petitioner claims was incorrect, Petitioner cannot establish either the deficient performance prong or the prejudice prong of *Strickland*. Thus, the undersigned recommends that Ground One be denied.

### B. Ground Two: Ineffective Assistance of Counsel—Availability of Self-Defense

In Ground Two, Petitioner argues that his plea counsel was ineffective for advising him that self-defense was not available to him as a defense because he had been charged with felony murder. He contends that he could have argued self-defense and that had he known he could argued self-defense, he would not have pleaded guilty and would have proceeded to trial. The motion court found the claim without merit. Resp't Ex. B, at 83-84. The Missouri Court of Appeals affirmed the decision of the motion court, finding that Petitioner had not satisfied either prong of *Strickland*. Resp't Ex. E, at 5-8.

As discussed above, to succeed on an ineffective assistance of counsel claim in the context of a guilty plea under *Strickland* and *Hill*, the petitioner must show both (1) that

---

[2] Petitioner made this argument in his briefing before the Missouri Court of Appeals, which he attached as an exhibit to the instant petition.

8

counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See* Hill, 474 U.S. at 57. In addition, because the state courts have already addressed the claim on the merits, to succeed on federal habeas review he must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell*, 535 U.S. at 699.

Addressing the first prong of *Strickland*, the motion court noted that to the extent that Petitioner's position was that he was not guilty of felony murder because he had not committed the underlying felony of robbery, "self defense would not be relevant to defendant's denial of the robbery and would not be relevant to the jury's deliberation." *Id.* at 82-83. The motion court further found that Petitioner's alternative argument (that even if the jury found that he had committed the robbery, self-defense could be used to show that the victim was not killed as a result of the robbery but rather was killed in self-defense) was "unsustainable under the law of self-defense," because "[s]elf defense is not available to explain or excuse causation [i.e., whether the victim was killed in the perpetration of the underlying felony]." *Id.* at 83. The motion court concluded that that there was nothing in the record to indicate that Petitioner's counsel had misadvised Petitioner. Resp't Ex. B, at 83-84. Affirming the decision of the motion court, the Missouri Court of Appeals stated:

> [Petitioner's] counsel testified he did not tell [Petitioner] point-blank that in felony murder, you may not claim self-defense. [Petitioner's] counsel stated he investigated and discussed the prospect of the defense of self-defense with [Petitioner]. [Petitioner's] counsel testified that based on facts presented to him by [Petitioner], review of the reports, and discussion with the prosecuting attorney, he concluded the underlying felony the State sought to prove quite likely would have been proven and the defense would not have been available to [Petitioner]. [Petitioner's] counsel testified that he was strongly convinced the State would be able to prove the underlying felony of robbery in the first-degree. . . .

9

>        Here, the record establishes that the underlying felony of attempted robbery in the first degree quite likely would have been proven. The State was prepared to present evidence that [Petitioner] had borrowed a car from a friend and asked another friend to help him rob a guy he was going to pick up to sell weed. The State was also prepared to produce a witness who saw the victim get into [Petitioner's] car.
>        A person is guilty of second-degree murder if he commits any felony and, in the perpetration of that felony, another person is killed as a result of the perpetration of that felony. *State v. Burrell*, 160 S.W.3d 798, 803 (Mo. 2005). Thus, the threshold question is whether [Petitioner] attempted to rob the victim. [Petitioner's] claim he shot the victim in self-defense is not relevant to whether [Petitioner] was guilty of attempted robbery in the first degree. *State v. Starr*, 998 S.W.2d 61 (Mo. Ct. App. 1999).

Resp't Ex. E, at 6-7.

The state courts' finding that Petitioner could not establish that his counsel's performance was deficient did not involve an unreasonable determination of the facts or an unreasonable application of *Strickland* to the facts of this case. The state courts' finding that the underlying felony of attempted robbery would likely have been proven is supported by the record, including the state's representation that it had witnesses who would testify that Petitioner borrowed a car, that Petitioner said he was planning to pick up a man, sell him marijuana, and rob him, that the victim was planning to buy marijuana from Petitioner, and that the victim was seen getting into Petitioner's car shortly before the crime at issue. Resp't Ex. B, at 10-11.  In addition, plea counsel testified that based on his investigation of the facts and his experience, he became strongly convinced that the State would be able to prove the underlying felony. Resp't Ex. A, at 35-36.  Petitioner cites nothing in the record to suggest that the underlying felony would not have been proven.[3]

---

[3] Petitioner appears to argue that his plea counsel advised him that he could not use self-defense merely because the state had "alleged" that Petitioner had committed felony murder. Pet., at 7. However, the record indicates that Petitioner's counsel did not simply decide that self-defense was unavailable because felony murder was *alleged*; instead, he decided it was not available

10

Petitioner appears to challenge the state courts' finding that because the underlying offense of attempted robbery would likely be proven, self-defense would not be relevant or available as a defense. However, that finding was based on the state courts' interpretation of Missouri law, and this Court may not "second-guess the decision of a Missouri state court on Missouri law." *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012).

In sum, the record indicates that Petitioner's counsel reasonably determined that under Missouri law and the facts of the case, self-defense was not a viable theory, and thus he reasonably advised Petitioner that it would not be available to him as a defense. Thus, the Missouri courts' decision that Petitioner could not establish the deficient performance prong of *Strickland* was not objectively unreasonable.

The Missouri Court of Appeals also found that Petitioner could not establish the second prong of *Strickland*. It stated:

> Additionally, [Petitioner] has not shown prejudice in that he has not shown but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
> As noted above, [Petitioner] was facing the possibility of being charged by the federal government with the crime of felon in possession of a firearm, which would result in at least a term of ten years; revocation of [Petitioner's] probation in an unrelated robbery in the first degree, which would result in the execution of a ten-year sentence previously suspended by the court; and the pending charges of felony murder, which carries a range of punishment of a term of years not less than ten and not to exceed thirty years or life imprisonment; and armed criminal action, which carries a range of punishment of a minimum of three years to life imprisonment. Here, [Petitioner's] plea counsel negotiated a plea in which [Petitioner] received only a sentence of 15 years' imprisonment and the promise that the State would not alert the U.S. Attorney of [Petitioner's] possession of a firearm. Under these circumstances, [Petitioner's] assertion that he would have insisted on going to trial is not credible.

---

because the facts and reports he reviewed made him "strongly convinced that the state would be able to prove the underlying felony." Resp't Ex. A, at 35-36.

Resp't Ex. E, at 7-8.

The Missouri Court of Appeals' finding with regard to the second prong of *Strickland* is reasonable and supported by the record. It is undisputed that Petitioner was on probation at the time of his arrest for robbery, with a ten-year sentence that had been suspended. Resp't Ex. B, at 16. Petitioner's plea counsel also testified that "by all accounts," Petitioner was in possession of a firearm on the night in question, and that the prosecutor had "indicated that it was quite likely the case would be picked up by the federal government for prosecution." Resp't Ex. A, at 25. Thus, it appears from the record that even if Petitioner had successfully obtained an acquittal on the pending charges of felony murder and armed criminal action based on the argument that he shot the victim in self-defense, he would likely still have faced ten years on a federal felon in possession charge and ten years on the revocation of probation for the unrelated robbery charge, for a total of twenty years. *See* Resp't Ex. A, at 27-28. Moreover, if he had been convicted of felony murder, he could have faced up to life imprisonment. In light of those facts, it was not objectively unreasonable for the state court to find that there was no reasonable likelihood that had counsel told him that self-defense was available, he would have decided to go to trial rather than accepting a sentence of fifteen years' imprisonment combined with a promise that the State would not alert the U.S. Attorney of the potential felon in possession of a firearm charge.

For the above reasons, the undersigned recommends that Ground Two be denied.

**IV.   CONCLUSION**

For all of the above reasons, the undersigned finds that Petitioner is not entitled to federal habeas relief. Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner William Myers' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of May, 2017.